UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CONSTANCE T. LOESER,

        Plaintiff,

     -v-                              No. 12 Civ. 187 (LTS)(JCF)

GABAE DEVELOPMENT ULC et. al.,

        Defendants.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        Plaintiff, Constance T. Loeser (the "Plaintiff"), applies pursuant to Rule 64 of the Federal Rules of Civil Procedure and Article 62 of the New York Civil Practice Law and Rules for an order of attachment against the assets of her former employer GABAE Development ULC ("GABAE"), GABAE's parent corporation, Koslow Technologies Corp. ("KTC"), and GABAE's Director and owner of KTC, Evan E. Koslow (together, the "Defendants").  Plaintiff entered into an employment agreement (the "Agreement") with GABAE in August 2008, which was guaranteed by KTC and by Mr. Koslow personally.  The Agreement provided that Plaintiff would serve as General Counsel to GABAE, and that she was entitled to a salary and, under certain circumstances, a bonus payment and severance.  Plaintiff alleges the Defendants breached the Agreement by terminating her employment on November 4, 2011, causing her monetary damages.

        Plaintiff contends that the Defendants are liquidating assets and transferring them to non-defendant entities to frustrate the enforcement of any judgment against them, and that Plaintiff is therefore entitled to an attachment order against the remainder of Defendants' assets.

The Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332.  The Court has reviewed thoroughly all of the parties' submissions and, for the following reasons, Plaintiff's motion for attachment is denied.

<u>BACKGROUND</u>

Plaintiff filed this action on January 10, 2012, seeking a bonus payment, severance payment, and damages for alleged underpayment of her salary.  Defendants have counterclaimed for a declaratory judgment that Canadian law, rather than New York law, controls the determination of whether the Plaintiff was terminated or not.  (Def. Answer ¶ 70.)

Plaintiff moved for partial summary judgment on her bonus and severance payment claims, and to dismiss Defendants' counterclaim.  This Court granted Plaintiff's motion on the claim that she was entitled to a bonus payment and denied her motion with respect to the severance payment and Defendants' declaratory judgment claim.  <u>Loeser v. GABAE Dev. ULC</u>, No. 12 Civ. 187 (LTS) (S.D.N.Y. Mar. 25, 2013).  The Court held that Plaintiff had failed to proffer sufficient evidence in support of her claims that the employment relationship was governed by New York law and that she was terminated, rather than laid-off, in November 2011, and that she had also failed to substantiate her contention that a lay-off would have constituted "cause" for her resignation.  <u>Id.</u>, slip op. at 7-8.

On June 3, 2013, Plaintiff requested severance of her bonus claim from the remaining claims so that a judgment in favor of the Plaintiff could be entered.  On June 4, 2013, this Court granted Plaintiff's request and instructed the Clerk of the Court to enter a judgment under Federal Rule of Civil Procedure 54(b).  The Clerk of the Court entered the judgment in favor of the Plaintiff on June 11, 2013.  Plaintiff's counsel notified the Court on July 9, 2013, that this judgment was satisfied in full by Defendants.

Plaintiff filed the instant motion for an order of attachment on February 1, 2013. Plaintiff alleges that Defendants "have already disposed of or transferred assets such that enforcement of a judgment may be frustrated." (Pl.'s Mem. in Support of Mot. at pg. 1.) Plaintiff relies on her motion for partial summary judgment to demonstrate that she has a probability of success on the merits of her causes of action. (Id. at pg. 9.) Plaintiff offers no further affidavits or documentary evidence in support of the merits of her causes of action.

<u>DISCUSSION</u>

New York law governs the availability of provisional remedies, including orders of attachment, in this Court. See Fed. R. Civ. P. 64. Pursuant to section 6201(a) of New York's Civil Practice Law and Rules, an order of attachment may be granted where, inter alia, "the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state[.]" N.Y. C.P.L.R. § 6201(1) (McKinney 2010). Section 6212 of New York's Civil Practice Law and Rules provides that, to obtain an order of attachment, the moving party must, through "affidavit and such written evidence as may be submitted," demonstrate that 1) "there is a cause of action [and] . . . it is probable that the plaintiff will succeed on the merits"; 2) "one or more grounds for attachment provided in section 6201 exist"; and 3) "the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." N.Y. C.P.L.R. § 6212(a) (McKinney 2010). The Second Circuit has noted that the movant must also demonstrate that there is need for the attachment. Capital Ventures Int'l v. Republic of Argentina, 443 F.3d 214, 222 (2d Cir. 2006).

Courts in New York construe attachment requirements strictly against those who seek to invoke the extraordinary remedy. See In re Amaranth Natural Gas Commodities Litig., 711 F. Supp. 2d 301, 305 (S.D.N.Y. 2010); Intelligent Digital Sys., LLC v. Visual Mgmt. Sys.,

<u>Inc.</u>, 683 F. Supp. 2d 278, 287 (E.D.N.Y. 2010).  Consequently, a plaintiff bears a "high" burden in proving her right to attachment of a defendant's assets.  <u>Amaranth Natural Gas</u>, 711 F. Supp. 2d at 305.

       Of the three statutory requirements, the only disputed issue here is whether Plaintiff has demonstrated a probability of success on the merits of her causes of action. Defendants do not dispute their status as a foreign and non-domiciliary person and foreign entities, nor do they dispute that the amount demanded from the defendant exceeds all counterclaims.

       As noted above, Plaintiff relies on the evidence proffered in support of her summary judgment motion insofar as she is required to address the merits of her claims in connection with her attachment motion.  The Court has reviewed thoroughly Plaintiff's submissions and found them insufficient, on the summary judgment motion, to demonstrate her entitlement to relief on her severance claims.  Plaintiff has offered no further proof to alter the Court's conclusion in this regard.[1]  Plaintiff's affidavits in support of her motion for attachment relate solely to factual assertions about Defendants' various property.  (<u>See</u> Richards Affs.) Plaintiff has thus failed to meet her burden of demonstrating a probability of success on the merits of her outstanding causes of action.  <u>See</u> N.Y. C.P.L.R. § 6212; <u>see also</u> <u>Musket Corp. v. PDVSA Petroleo</u>, S.A., 512 F. Supp. 2d 155, 160 (S.D.N.Y. 2007) (holding that demonstration of probability of success, for attachment purposes, requires proof stronger than that required to make a <u>prima facie</u> case).  Because Plaintiff has not met the statutory prerequisites for

---

[1]    Plaintiff has not offered any evidence to support her claim of underpayment, and thus the court will not consider the merits of that claim for the purposes of attachment.  Proof must be offered in the form of affidavits or other written evidence.  <u>See</u> N.Y. C.P.L.R. § 6212.

attachment of Defendants' assets, her motion must is denied insofar as she seeks to secure her severance and underpayment claims.

As judgment as already been entered and satisfied in favor of the Plaintiff with respect to her bonus payment claim, her motion for attachment is moot as to that claim. See General Acc. Ins. Co. of Am. v. Merritt-Meridian Const. Corp., 975 F. Supp. 511, 519 (S.D.N.Y. 1997) (denying a motion for attachment as moot once summary judgment has been entered).

CONCLUSION

For the foregoing reasons, Plaintiff's motion for attachment is denied. A Final Pre-Trial Conference will be held in this matter on **October 25, 2013 at 10:30 a.m.**

This Memorandum Order resolves docket entry no. 32.

SO ORDERED.

Dated: New York, New York
        August 12, 2013

_____/s_____
LAURA TAYLOR SWAIN
United States District Judge